UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY SMITH (#433385)

VERSUS                                                CIVIL ACTION

N. BURL CAIN, ET AL                                   NUMBER 14-361-BAJ-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, June 10, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY SMITH (#433385)

VERSUS                                              CIVIL ACTION

N. BURL CAIN, ET AL                                 NUMBER 14-361-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Anthony Smith.

For the reasons which follow, the petition should be dismissed as untimely.

**I. Background**

Petitioner was found guilty of one count attempted first degree murder and one count aggravated burglary in the Twentieth Judicial District Court for East Feliciana, Louisiana on August 29, 2000.[1]

The Louisiana First Circuit Court of Appeal affirmed the petitioner's convictions and sentences. *State of Louisiana v. Anthony Smith,* 2001-0362 (La. App. 1st Cir. 2/15/02) (unpublished opinion).  Petitioner did not seek supervisory review in the

---

[1] For purpose of this Magistrate Judge's Report, the court has relied upon the state court procedural history and dates alleged in the Petition.

Louisiana Supreme Court.²

Petitioner filed an application for post-conviction relief ("PCRA") on January 10, 2004.³ The trial court denied the PCRA on March 17, 2004.⁴ Petitioner sought review in the Louisiana First Circuit Court of Appeal and the appellate court denied review. *State ex rel. Anthony Smith v. State of Louisiana*, 2010-0321 (La. App. 1st Cir.).⁵ Petitioner sought review in the Louisiana Supreme Court, which denied review on May 6, 2011 specifically relying on La.C.Cr.P. art. 930.8. *State of Louisiana ex rel. Anthony Smith v. State of Louisiana*, 2010-1081 (La. 5/6/11), 62 So.3d 122.

The exhibits attached to the Petition showed that the petitioner filed another PCRA in the trial court in January 2011, which was denied.⁶ From this denial, the petitioner sought review in the Louisiana First Circuit Court of Appeal. The Louisiana First Circuit Court of Appeal denied review specifically relying on La.C.Cr.P. art 930.8.⁷ *State of Louisiana v. Anthony J. Smith*, 2011-0706 (La. App. 1st Cir. 7/18/11). In addition, the petitioner apparently sought review in the Louisiana Supreme Court which was

---

² Record document number 1-1, p. 5.

³ *Id.*

⁴ *Id.*

⁵ *Id.*

⁶ Record document number 1-2, p. 32.

⁷ *Id.*

denied as untimely pursuant to La.C.Cr.P. art. 930.8. *State ex rel. Anthony J. Smith v. State of Louisiana*, 2012-2674 (La. 5/17/13).

Petitioner signed his federal habeas corpus application on June 3, 2014, and it was filed on June 6, 2014.

## II. Applicable Law and Analysis

### A. Timeliness

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection. A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D.Tex. 1998). A court must look to state law to determine

whether a state habeas application conforms to the state's procedural filing requirements. *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009).

A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). An application ceases to be "pending" within the meaning of § 2244(d)(2) when the petitioner fails to timely file an application for supervisory review at the next level. *Id*. at 407. A state court's subsequent decision to allow review may toll the time relating directly to the application, but it does not change the fact that the application was not pending prior to the application. *Id*. After the period for appeal or seeking discretionary review has lapsed, an application ceases to be pending, but a subsequent properly filed application entitles the petitioner to additional tolling beginning at the time of the "proper" filing. *Id*.

Petitioner's convictions became final on March 18, 2002.[8]

---

[8] For the purpose of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2003) ("[A] conviction becomes final at the conclusion of direct review or when the time for such review has expired, as specified by AEDPA, regardless of when state law says finality occurs."). Normally that time expires 90 days after the state court of last resort enters its judgment. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). But when the defendant concludes his state-court direct appeal before it reaches
(continued...)

From March 18, 2002, the date the petitioner's convictions became final, until January 10, 2004, the date the petitioner filed his PCRA, more than one year (21 months) of the limitations period elapsed. By the time the petitioner filed his PCRA, the time for filing a federal habeas corpus application had already expired. It is clear on the face of the complaint that the petitioner's federal habeas corpus application was not timely filed.

Nor is there any basis in the record for equitable tolling. The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000). The doctrine "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented

---

[8](...continued)
the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id*. This federal rule applies even where state law provides that finality occurs on a different date. *Compare* La. Code Crim. Proc. art. 922(B) (providing that the court of appeal's judgment becomes final under Louisiana law fourteen days after the rendition of judgment in all cases in which an application for a writ of review is not filed with the Louisiana Supreme Court), *and* La. Sup. Ct. R. X, § (5)(a) ("An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ...."), *with Roberts*, 319 F.3d at 693 n. 15 (noting that the judgment of an intermediate court of appeals is not final under Texas law until the mandate has issued), *and id.* at 694-95 (rejecting the argument that the mandate-issuance date should determine finality under AEDPA).

The convictions and sentences became final on March 17, 2002, which was a Sunday. Thus, the time period was extended to the next business day for the court, which was Monday, March 18.

5

in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005).

A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).[9]

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Anthony Smith be dismissed, with

---

[9] Petitioner cited several U.S. Supreme cases, including the recent decisions in *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309 (2012), *Bullcoming v. New Mexico*, ___ U.S. ___, 131 S.Ct. 2705 (2011, *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 129 S.Ct. 2527 (2009), and *Powell v. Texas*, 492 U.S. 680, 109 S.Ct. 3146 (1989), but they do not provide any basis for tolling the § 2244(d) time limit.

prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, June 10, 2014.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE